David M. Stein, #198256
dstein@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, Seventh Floor
Irvine, CA 92612
Phone: 949.752.7100
Fax:    949.252.1514

Amir Alavi (Admitted *Pro Hac Vice*)
aalavi@aatriallaw.com
Masood Anjom (Admitted *Pro Hac Vice*)
manjom@aatriallaw.com
Justin Chen (Admitted *Pro Hac Vice*)
jchen@aatriallaw.com
Michael McBride (Admitted *Pro Hac Vice*)
mmcbride@aatriallaw.com
Scott W. Clark (Admitted *Pro Hac Vice*)
sclark@aatriallaw.com
Steve Jugle (Admitted *Pro Hac Vice*)
sjugle@aatriallaw.com
**ALAVI & ANAIPAKOS, PLLC**
3417 Mercer Street, Suite C
Houston, TX 77027
Phone: 713.751.2362
Fax:    713.751.2341

Attorneys For Plaintiff
GOTV STREAMING, LLC

Barrington Dyer, CA Bar No. 264762
BDyer@Willkie.com
Shelby A. Palmer, CA Bar No. 329450
SPalmer1@willkie.com
**WILLKIE FARR**
  **& GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067
Phone: 310.855.3000
Fax:    310.855.3099

Indranil Mukerji (*Pro Hac Vice*)
imukerji@willkie.com
Stephen A. Marshall (*Pro Hac Vice*)
smarshall@willkie.com
Aliza George Carrano (*Pro Hac Vice*)
acarrano@willkie.com
**WILLKIE FARR**
  **& GALLAGHER LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Phone: 202.303.1000
Fax:    202.303.2000

Attorneys For Defendant

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GOTV STREAMING, LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>   *Defendant*. | CASE NO. 2:22-CV-07556-RGK-SHK<br><br>HON. R. GARY KLAUSNER<br>COURTROOM 850 – ROYBAL<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties in the above-captioned action.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

1.

A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556-RGK-SHK (C.D. Cal.).

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

2.5 <u>Designated In-House Counsel</u>: In-House Counsel who have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code (i.e., computer or processor instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, or other translator), build environment, and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of

serious harm that could not be avoided by less restrictive means.

2.11   <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.14   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

3.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

3.3    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any public court filing with the consent of the Producing Party or by order of the Court.  Any use of Protected Material at trial shall be governed by separate agreement and/or the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

3.4    This Order is without prejudice to the right of any Party or Non-Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, and except as otherwise provided in this Order, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify (1) on the record, before the close of the deposition, hearing, or other proceeding, or (2) within 21 days of receipt of the final transcript, the level of protection being asserted.

The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Any transcript that was not designated on the record pursuant to the first paragraph of section 5.2(b) above shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After

the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation after recognition by a Producing Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. or as otherwise ordered by the Court.

6.3 <u>Burden</u>. The burden of persuasion in any such challenge proceeding

shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. Absent further Order from the Court, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order; provided, however, that nothing in this Order shall be deemed to preclude Outside Counsel of Record of a Receiving Party from using their knowledge of the existence of any Protected Material of a Producing Party in order to advise In-House Counsel of the Receiving Party in general terms about the potential impact of that Protected Material on the litigation—without disclosing the actual content of the Protected Material—for the purpose of assisting In-House Counsel in making decisions regarding prosecution, defense, or settlement of the litigation. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving   Party   may   disclose   any   information   or   item   designated

"CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5(a), below, have been followed, as well as employees of said Experts or Experts' firms to whom disclosure is reasonably necessary for this Action;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed a confidentiality agreement or the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5(a), below, have been followed, as well as employees of said Experts or Experts' firms to whom disclosure is reasonably necessary for this Action;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5(a), below, have been followed, as well as employees of said Experts or Experts' firms to whom disclosure is reasonably necessary for this Action;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.5    Procedures for Approving or Objecting to Disclosure of

<u>"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Paragraphs 7.2(c), 7.3(b) and 7.4(b) first must make a written request via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, including a list of publications from the past ten years, (3) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years.[1] The Designating Party shall have seven (7) days after such notice is given to object in writing via e-mail to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert.

(b) A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the 7-day notice period.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Any such objection must set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c) A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days after the written objection is served. The Designating Party shall then have seven (7) days after such objection is served to, if no agreement is reached, contact the Court pursuant to the Scheduling Order. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. Any motion filed pursuant to this paragraph must describe the circumstances with specificity and set forth in detail the reasons why the disclosure to the Expert should not be made. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert but need not be disclosed to any other Party.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6    <u>Prosecution Bar</u>.  Absent the written consent of the Designating Party, any person who receives materials designated by another Party as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Barred Person") shall not be involved in any of the following activities: (i) preparing, prosecuting, supervising, or otherwise assisting in the preparation or prosecution of any patent application related by claim of priority to any of the Patents-in-Suit or patents relating to the field of the invention of the Patents-in-Suit, including but not limited to such patents assigned to any Party; (ii) amending any claim of any of the Patents-in-Suit or patents relating to the field of the invention of the Patents-in-Suit, including but not limited to such patents assigned to any Party; and (iii) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patent applications relating to the field of the invention of the Patents-in-Suit, including but not limited to such patents assigned to any Party. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected person and shall end two (2) years after final disposition of this action, as defined in Section 14.

These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging or defending the validity of any patent, including, but not limited to, as part of any reexamination, inter partes review, reissue proceedings, or any other post-grant review proceeding. Barred Persons (including Counsel of Record for the Receiving Party and any person that reviews materials designated by another Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") may not participate, directly or indirectly, in drafting, amending, or altering the language of any patent claim(s) in any such proceeding. Nothing in this Protective Order shall prevent any attorney from sending Prior Art to persons involved in prosecuting patent applications for purposes of ensuring that such Prior

Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) in compliance with any duty of candor. Nothing in this paragraph shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation. This Prosecution Bar applies to each individual reviewing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or HIGHLY CONFIDENTIAL – SOURCE CODE" material and does not impute to the law firm, institution, or company who employs the individual.

7.7    Subject to the foregoing Section 7.6, it is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is provided from the opposing Party to such Outside Counsel of Record in this Action, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party.

8.    <u>SOURCE CODE</u>

(a) A Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code, or materials as otherwise defined in Section 2.10. Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash. For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraph 7.4 and subject to the Prosecution Bar as set forth in Section 7.6. The following additional

restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise Ordered by the Court:

(c) Any source code produced in discovery shall be made available for inspection, in electronic (e.g., native) format. The Producing Party shall produce source code for inspection in electronic (e.g., native) format at the office of its counsel in San Francisco, or at another location agreed on by the parties. Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 5:00 P.M. local time) or during a time agreed to by the parties only under exigent circumstances on at least three (3) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice. Upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the source code outside of regular business hours. At least seven (7) days' notice shall be provided prior to the first requested inspection and three (3) business days' notice in advance of any additional inspections, identifying the specific individuals who will be inspecting the source code on behalf of the Receiving Party.  The parties agree to cooperate in good faith such that maintaining the Producing Party's source code at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(d) Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i) The source code shall be made available for inspection on two secured computers (the "Source Code Computers") in a secured room, without Internet access or network access to other computers or devices, except under the control of the Producing Party. The Producing Party shall provide the Receiving

Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced source code on the Source Code Computers or shall provide personnel equipped to handle these tasks. Each Source Code Computer shall have a modern CPU (minimum i7 class), at least 16 GB RAM, a 15" or larger display, and Windows 10. To the extent not already provided, each Source Code Computer shall include the ability to attach an external monitor, external keyboard, and external mouse. No electronic recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the source code review room, and the Receiving Party (and their identified representatives, including Experts and the employees of Experts) shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. Representatives of the Producing Party may visually monitor the review such that the Producing Party is not able to hear any normal volume discussions among the Receiving Party's representatives, or view what specific portions of the source code that the Receiving Party's representative is inspecting. During inspection, all access ports on the Source Code Computer shall be disabled as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of source code outside or away from the Source Code Computer on which the source code is provided for inspection.

All persons viewing source code shall sign on each day they view Source Code a log that will include the names of persons who enter the secured room to view the source code and when they enter and depart.

(ii) The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. To the extent the Receiving Party's Outside Counsel and/or Experts (or their staff) wish to take electronic notes, they may do so using an application on the

Source Code Computer. Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain module names, class names, parameter names, variable names, function names, method names, procedure names, or line numbers typed by the note-taker.  The Producing Party shall print such notes from the Source Code Computer upon request by the Receiving Party. The Receiving Party shall have the ability to delete its electronic notes from the Source Code Computer. The Producing Party shall not delete the Receiving Party's electronic notes from the Source Code Computer.  In addition to the electronic notes, reviewers shall be entitled to take handwritten notes relating to the source code. Such notes (electronic or otherwise) shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

The Producing Party shall keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

(iii) The source code provider shall provide a manifest of the contents of the Source Code Computers to include a list of source code files available for review to the extent practicable.

(iv) The Source Code Computers shall include software utilities which will allow counsel and experts to view and search the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of text through a number of files. The Receiving Party shall not at any time use any compilers, interpreters, emulators, or simulators in connection with the Producing Party's Source Code Material. The Source Code Computers shall include at least the following software utilities provided, however, that (1) the Receiving Party possesses an appropriate license to such software tools to the extent a license is needed and (2) the Producing Party approves such software tools, which approval shall not be unreasonably withheld;

the Producing Party will approve the use of software tools that are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein:

| Tool Common Name | URL |
| --- | --- |
| Office (including at least Word, Excel, and PowerPoint) | https://www.microsoft.com/en-us/download/office.aspx |
| Adobe PDF Reader | https://www.adobe.com/acrobat/pdf-reader.html |
| Notepad++ | https://notepad-plus-plus.org/downloads/ |
| Visual Studio Code | https://code.visualstudio.com/ |
| cygwin | https://www.cygwin.com/install.html |
| Chrome | https://www.google.com/chrome/ |
| grepWin | https://tools.stefankueng.com/grepWin.html |
| kdiff3 | https://sourceforge.net/projects/kdiff3/files/ |
| Git | https://git-scm.com/downloads |
| Android Studio | https://developer.android.com/studio |
| WinZip or WinRAR | https://www.winzip.com/ https://www.win-rar.com/ |

(v) The Receiving Party may request copies of reasonable portions of the source code identified in a reasonable manner (with each portion no greater than 20 consecutive pages and with no more than 300 pages in total), and shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance. If it believes that it is necessary, the Receiving Party may request copies of the source code in excess of 300 pages in total, which shall not be unreasonably withheld. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop of the Source Code Computer

named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date of printing. The request for printed Source Code shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  If the request is served after 5:00 pm Pacific Time, it shall be deemed served the following business day.  If the Producing Party objects that identified files are not reasonably necessary, the Producing Party shall make such objection known to the Receiving Party within three (3) business days of the identification of any files by the Receiving Party. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity. At the request of the Receiving Party, in the absence of any objection the Producing Party shall provide within five (5) business days of such request, two (2) watermarked paper copies of the source code identified by the Print Request. The Producing Party shall print and append production numbers and the designation "HIGHLY CONFIDENTIAL – SOURCE CODE". The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel. The Receiving Party may make request no more than three additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Notwithstanding anything to the contrary in this paragraph, the Receiving Party may

request additional paper copies of the printed source code which shall not be unreasonably withheld. Any disputes relating to such additional copies shall be handled in accordance with Section 6.

(vi)    In addition to the log maintained by the Producing Party in paragraph (d)(i), the Receiving Party shall maintain a record of any individual who has inspected any paper copies of the source code provided by the Producing Party. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon five (5) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The Receiving Party (along with its Experts, and the employees of each said Expert or said Expert's firm) shall maintain all paper copies of any printed portions of the source code in a secured, locked area and in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

(vii) Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.

(viii) Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall

store the exhibit in its marked form and provide one copy to outside counsel for the other Party. To the extent a deposition is likely to involve source code, the Party taking the deposition shall provide at least two (2) days written notice of that fact, and the Producing Party may make a source code computer available at the deposition, minimizing the need for additional paper copies of source code, including upon request of the Receiving Party. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(ix) Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code).

The Receiving Party may make and use snippets and images of the source code only if necessary for court filings, expert reports, discovery responses and other similar documents. Such excerpts shall in no instance comprise more than 100 consecutive lines of source code. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. To the extent it becomes necessary for a Receiving Party to file limited excerpts of source code in a court filing, such material shall be submitted to the Court in paper form, to the extent permitted by the Court. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are expressly authorized to view source code under the provisions of this Protective Order. Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and

other papers except to the extent permitted herein.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

9.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.2     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

10.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information (unless a different period of time is specified by a contract or agreement involving the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested), the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its

1  possession or control that is subject to the confidentiality agreement with the Non-

2  Party before a determination by the court. Absent a court order to the contrary, the

3  Non-Party shall bear the burden and expense of seeking protection in this court of

4  its Protected Material.

5  11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

6        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7  Protected Material to any person or in any circumstance not authorized under this

8  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

9  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

10 to retrieve all unauthorized copies of the Protected Material, (c) inform the person

11 or persons to whom unauthorized disclosures were made of all the terms of this

12 Order, and (d) request such person or persons to execute the "Acknowledgment and

13 Agreement to Be Bound" that is attached hereto as Exhibit A.

14 12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

15 <u>PROTECTED MATERIAL</u>

16       Pursuant to Federal Rule of Evidence 502, the inadvertent production or

17 disclosure of any document or thing (including information and Protected Material)

18 otherwise protected by the attorney-client privilege, work-product immunity, or

19 other privilege or immunity shall not operate as a waiver of any such privilege or

20 immunity.   Producing Party may assert privilege or protection over produced

21 documents at any time by notifying the Receiving Party in writing of the assertion

22 of privilege or protection and providing with such notice a privilege log with respect

23 to the documents subject to the notice.

24       If any Receiving Party recognizes that any Producing Party (or Non-Party)

25 may have inadvertently produced such protected information, it shall notify the

26 Producing Party promptly, and follow such procedures as set forth in this Order. If,

27 after recognizing that privileged information has been produced or disclosed

28 (through notice by a Receiving Party or otherwise), the Producing Party who made

the inadvertent production or disclosure may send to each Receiving Party a written request for return and/or destruction of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within five (5) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party or destroy all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a) If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party or destroyed ("Notice of Designation"). The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b) Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c) Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed. Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court. If the Receiving Party does not contest the

designation within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this Section 12 shall be immediately returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this Section 12 shall be immediately returned to the Producing Party.

(d) With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e) The procedures set forth in this Section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

13.   <u>MISCELLANEOUS</u>

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.4 <u>Export Control</u>.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

Excluding attorney work product, no Protected Material may leave the territorial boundaries of the United States of America or Canada. Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. Excluding attorney work product, the viewing of Protected Information through electronic means outside the territorial limits of the United States of America or Canada is similarly prohibited. Further, with respect to materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," such materials may not leave the territorial boundaries of the United States of America. The restrictions contained within this paragraph may be amended through the

express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

13.5    <u>Expert Materials and Communications</u>. Except as noted in subpart (f) below, the following categories of information and documents need not be disclosed by any Party, and are outside the scope of permissible discovery for any expert, including at deposition, and are inadmissible at trial:

(a) Drafts of expert reports, draft work papers or other preliminary, intermediate or draft materials prepared by, for, or at the direction of an expert witness and the contents of such drafts.

(b) Any oral or written communications between the experts and attorneys for the party offering the testimony of such expert witness. The discoverability of such communications is in no way affected by the presence of other persons, in addition to the expert and the attorneys for the party offering the testimony, during such communications.

(c) Any oral or written communications between an expert witness and the expert's assistants and/or clerical or support staff.

(d) Any notes taken or other writings prepared by or for an expert witness in connection with this matter including, but not limited to, correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff or attorneys for the party offering the testimony of such expert witness.

(e) Any oral or written communications between an expert witness and any employee or other expert for the party on whose behalf the expert was engaged.

(f) Notwithstanding the above, communications regarding the expert's compensation, communications identifying facts or data relied upon by the expert in his or her opinions, or communications identifying assumptions provided to the expert that the expert used in developing his or her opinions may be within the scope

of permissible discovery for any expert, including at deposition, provided that such information regarding the expert's compensation, facts, data or assumptions have not been made available to the other Party in any other Documents (including, without limitation, an expert report, witness statement, or other memorial submission) or are otherwise publicly available.

14.    <u>FINAL DISPOSITION</u>

        Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1  Dated: March 13, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ Amir Alavi*
David M. Stein, #198256
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, Seventh Floor
Irvine, CA 92612
Phone: 949.752.7100
Fax:    949.252.1514

Amir Alavi (Admitted *Pro Hac Vice*)
Texas Bar No. 00793239
aalavi@aatriallaw.com
Masood Anjom (Admitted *Pro Hac Vice*)
Texas Bar No. 24055107
majom@aatriallaw.com
Justin Chen (Admitted *Pro Hac Vice*)
Texas Bar No. 24074024
jchen@aatriallaw.com
Michael McBride (Admitted *Pro Hac Vice*)
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Scott Clark (Admitted *Pro Hac Vice*)
Texas Bar No. 24007003
sclark@aatriallaw.com
Steve Jugle (Admitted *Pro Hac Vice*)
Texas Bar No. 24083280
sjugle@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
3417 Mercer Street, Suite C
Houston, Texas 77027
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

*Counsel for Plaintiff GoTV Streaming, LLC*

By: */s/ Aliza George Carrano*
Barrington Dyer, CA Bar No. 264762
BDyer@Willkie.com
Shelby A. Palmer, CA Bar No. 329450
SPalmer1@Willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400

- 33 -
STIPULATED PROTECTIVE ORDER

Los Angeles, CA 90067
Phone: 310.855.3000
Fax:    310.855.3099

Indranil Mukerji (*Pro Hac Vice*)
imukerji@willkie.com
Stephen A. Marshall (*Pro Hac Vice*)
smarshall@willkie.com
Aliza George Carrano (*Pro Hac Vice*)
acarrano@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Phone: 202.303.1000
Fax:    202.303.2000

*Counsel for Defendant Netflix, Inc.*

### FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), the filer hereby attests that all other signatories to this document concur in the content of, and have authorized, this filing.


Dated: March 13, 2023          */s/ Amir Alavi*
                               Amir Alavi

                               *Counsel for GoTV Streaming, LLC*


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: _____March 13, 2023_____



_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____[date] in the case of *GoTV Streaming, LLC*

*v. Netflix, Inc.*, Civil Case No. 2:22-CV-07556-RGK-SHK ("the Action"). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this Action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____