

**Amir Alavi**
*Board Certified-Civil Trial Law*
*Texas Board of Legal Specialization*
Direct   713.751.2363
Main   713.751.2362
Fax   713.751.2341
AALAVI@AATRIALLAW.COM

May 16, 2023

**<u>By Electronic Filing</u>**
Honorable Shashi H. Kewalramani
George E. Brown, Jr. Federal Building & U.S. Courthouse
3470 12th St.
Riverside, California 92501
SHK_Chambers@cacd.uscourts.gov

> Re:   Case No. 2:22-cv-07556; *GoTV Streaming, LLC v. Netflix, Inc.*; In the United States District Court for the Central District of California.

Dear Honorable Shashi H. Kewalramani:

Pursuant to the Court's May 9, 2023 Order (Dkt. 99), Plaintiff GoTV Streaming, LLC responds to Netflix's motion to compel.  Dkt. 100.

The way GoTV has chosen to finance its litigation is irrelevant to the issues in this case.  Further, any documents GoTV possesses relevant to litigation finance are protected work product.  Netflix does not cite any controlling authority in support of its position because there is none.  To the contrary, the weight of authority—including California district courts—prohibits litigation funding discovery because it is not relevant.  Indeed, the majority of courts that have considered this precise issue have declined to order production of the categories of material Netflix seeks.  This Court should follow the majority.

In an effort to resolve this dispute, GoTV has now supplemented its discovery responses (as it previously offered to do), to identify GoTV's litigation funder, Burford Capital, Ltd.  **Ex. 1** (Supp. Response Int. No. 5).  Hence, Netflix now knows that GoTV is not being bankrolled by a competitor or shadow broker, or that there is some undisclosed "conflict issue" lurking in the background.

But perhaps more importantly—and fatal to Netflix's motion—the information Netflix requests is protected by the work product doctrine with no applicable exception.  Litigation funding documents are inherently "made in anticipation of litigation," as most courts—including most of

Honorable Shashi H. Kewalramani
May 16, 2023
P a g e | **2**

those relied upon by Netflix—have held.  Netflix does not have a substantial need to see such information.[1]

Even if the requested information were not protected work product, it is not relevant, and certainly not relevant enough to warrant the risk of intrusion into work product.  That is why most courts do not compel its production and find it outside the scope of discovery.  The rare exception is where the party seeking discovery makes a specific showing of relevance and need.  Here, Netflix does not do so.  It merely speculates that it could possibly have relevance, and courts routinely say that mere speculation is not enough.  And, in any event, all of its speculative reasons are not valid.  Lest the Court have any doubt, it can review the requested information *in camera* and see there is nothing that should be disclosed.

**A.      Netflix Seeks Protected Work Product**

Litigation funding documents are inherently tied to future litigation.  This is why numerous courts—including cases Netflix cites—have found them to be protected work product.  *See Odyssey Wireless, Inc. v. Samsung Elecs. Co.,* No. 3:15-cv-01738-H (RBB), 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016) ("[T]he documents were created because litigation was expected. This is sufficient to bring them within the protections of the work-product doctrine."); *see also Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, No. EDCV 17-1388-AB (KKx), 2018 WL 8193374, at *8 (C.D. Cal. May 14, 2018) ("Several courts have found that the attorney work product protection that attaches to litigation financing/insurance documents is not waived when these documents are disclosed to third-party litigation funders or insurers.").  Indeed, in *Continental Circuits LLC v. Intel Corp.*—a case upon which Netflix heavily relies—the court recognized that the Ninth Circuit's broad "because of" standard for work product protection *i.e.*, "prepared or obtained because of the prospect of litigation," applies to litigation funding agreements, like the ones Netflix seeks here.  435 F.Supp.3d, 1014, 1020 (D. Ariz. 2020) (citing *In re Grand Jury Subpoena (Mark Torg/Torf Envtl. Mgmnt.*, 357 F.3d 900, 907 (9th Cir. 2004)). The court also held that "failing to identify the funding agreement on its privilege log" did not constitute waiver, as the Ninth Circuit "has rejected a *per se* waiver rule when documents are not identified on a privilege log."  *Id*. at 1022 (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

---

[1] Netflix also argues that GoTV was obligated to identify its litigation funder under L.R. 7.1-1, citing the Local Rules of other jurisdictions that would lead to the opposite conclusion (*i.e.*, if FRCP 7.1 requires the disclosure of funders, why would local rules need to add this requirement?). But the parties ***never*** conferred on this issue, and, as this Court recognized during the premotion conference hearing, it is outside the scope of this dispute.  GoTV does not read L.R. 7.1-1 to require disclosure of its funder, but it is willing to amend its L.R. 7.1-1 disclosure to include its funder if needed to moot this aspect of the dispute.

Honorable Shashi H. Kewalramani
May 16, 2023
P a g e | **3**

GoTV has produced a privilege log to substantiate its privilege claims pursuant to Netflix's May 10 request.  S*ee* **Ex. 2** (May 10 Carrano letter).[2]  In any event, the overwhelming weight of authority leads to the same conclusion—the requested funding documents are protected work product.  *See Hoist Fitness* 2018 WL 8193374, at \*8*; Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, Nos. 16-538, 16-541, 2018 WL 466045, at \*5–6 (W.D. Pa. Jan. 18, 2018) (denying discovery of communications with potential litigation funders because they were made for the purpose of preparing for litigation); *United States v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2016 WL 1031154, at \*6 (E.D. Tex. Mar. 15, 2016) (upholding work-product protection in denying motion to compel discovery of litigation funding information); *Devon IT, Inc. v. IBM Corp.*, No. 10-2899, 2012 WL 4748160, at \*1 n.1 (E.D. Pa. Sept. 27, 2012) (denying litigation funding discovery as protected work product where it was "quite evident that the…documents [sought] were prepared by counsel…in anticipation of and during litigation").

The cases Netflix cites do not compel a different conclusion.  *Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC* stands for the now-moot proposition that the funder's identity is not privileged. 2020 WL 7490107 (S.D. N.Y. Dec. 18, 2020).  And, in *Taction Tech., Inc. v. Apple Inc.*, the court held that funding agreements and related documents **qualify as work product**—even where they contain patent valuations.  2022 WL 18781396, at \*7 (S.D. Cal. Mar. 16, 2022).

Netflix argues that information pre-dating the existence of the funding agreement is not eligible for work product protection.  Dkt. 100 at 4.  Here, all of the funding-related documents are dated after an agreed, mutual non-disclosure agreement, which shows that the disclosures were made subject to confidentiality provision with common interests.[3]  *See Continental Circuits LLC*, 435 F.Supp.3d at 1021-22.

**The Substantial Need Exception Does Not Apply**.  Netflix asserts that a "substantial need" for information related to litigation funding overrides ordinary work product protection.  Dkt. 100 at 4-5.  This argument, too, is based solely on speculation about relevance and the flawed argument that litigation funding is the only benchmark "to inform an appropriate royalty" in this case.  *Id*. at 5.[4]  Courts regularly deny unsubstantiated claims of "substantial need".  *See, e.g., Continental Circuits LLC,* 435 F.Supp.3d at 1022-23.

---

[2] Because GoTV's privilege log is confidential, GoTV has not attached it to the present opposition. However, if needed, GoTV can produce the log to the Court under seal for an *in camera* review.

[3] To the extent that the Court needs a copy of the non-disclosure agreement, GoTV can produce it to the Court under seal for an *in camera* review.

[4] Netflix's claim that GoTV has refused to provide a privilege log (Dkt. 100 at 4, fn. 2) is not true. The parties previously agreed to exchange logs only if requested.  Netflix never requested a log during the meet-and-confer process.  Its first request for one was its May 10 demand (one day before it filed this motion) for GoTV to produce a log on May 16.  *See* **Ex. 2** (May 10 Carrano letter).  And, pursuant to Netflix's request, GoTV has provided the requested log in accordance with Netflix's request.

Honorable Shashi H. Kewalramani
May 16, 2023
P a g e | **4**

Here, the funding documents do not include valuations, so this is a moot point (the Court can verify this *in camera* if it wishes). Moreover, the substantial need exception applies only if a party cannot obtain equivalent discovery through other means. Fed. R. Civ. P. 26(b)(3)(A)(ii)). In this case, Netflix can get the discovery it needs to inform an appropriate royalty from other means. For example, GoTV's predecessor, Phunware, has recently produced damages related information and will be deposed twice in the coming weeks. Netflix cannot show substantial need or undue hardship for litigation funding information.

**B.  Netflix Seeks Information That is Not Relevant**

Netflix seeks information—much of which it incorrectly speculates exists—that is irrelevant to Netflix's stated claims and defenses.

**Courts Routinely Hold that Litigation Funding Details Are Not Relevant.** Numerous courts have held that litigation funding documents are irrelevant and need not be produced, especially where, as here, the rationale for their production is based on speculation. *See MLC Intellectual Prop., LLC v. Micron Tech., Inc.,* No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (denying litigation funding discovery and stating, "[t]he Court concludes that [defendant] is not entitled to the discovery it seeks because it is not relevant"); *Allele Biotechnology & Pharm., Inc. v. Pfizer, Inc.*, 20-CV-01958-H-AGS, 2021 WL 4168175, at *2 (S.D. Cal. Sept. 13, 2021) (defendants "not entitled" to "documents identifying the source and terms of any litigation funding … and related communications"); *Nantworks, LLC v. Niantic, Inc.*, No. 20-cv-06262-LB, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (denying litigation funding discovery, stating that it is generally discoverable only where there is a "specific articulated reason to suspect bias or conflicts of interest"); *see also In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (holding "good cause" did not exist to compel production of litigation funding material, noting "the plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant"); *Benitez v. Lopez*, No. 17-cv-3827, 2019 WL 1578167, at *1-2 (E.D.N.Y. Mar. 14, 2019) (holding litigation funding "is not relevant to a claim or defense in the case or credibility"); *VHT, Inc. v. Zillow Group, Inc.*, No. C15-1096JLR, 2016 WL 7077235 (W.D. Wash. Sept. 8, 2016) (same); *Yousefi v. Delta Elec. Motors, Inc.*, No. C13-1632RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015) ("Whether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from the union is not relevant to any claim or defense at issue."). Netflix's relevancy arguments are no different from what courts routinely reject.

**Netflix Has No Non-Speculative Basis to Justify Litigation Funding Discovery**. The vast majority of the information Netflix speculates is contained in litigation funding documents does not exist. Yet, Netflix insists it "need this information "to effectively defend this action." Dkt. 100 at 2. And, with the disclosure of GoTV's funder, Netflix now knows that GoTV is not being bankrolled by a competitor or shadow broker, or that there is some undisclosed "conflict issue" lurking in the background. *See id*.

Honorable Shashi H. Kewalramani
May 16, 2023
P a g e | **5**

**There Are No Standing Issues.**  Netflix speculates that identity of the funder "could give rise to standing issues." *See* Dkt. 100 at 2.  Courts in this district and elsewhere have routinely rejected this precise argument. *Colibri Heart Valve LLC v. Medtronic CoreValue LLC*, No. 8:20-cv-00847-DOC (JDEx), Dkt. 111, at 4, 6 (C.D. Cal. Mar. 26, 2021) (denying motion to compel litigation funding for lack of relevance where defendant could only speculate that the plaintiff might lack standing, stating that "courts have declined to order production of litigation funding documents where, as in this instance, the moving party's justifications are based on speculation"); *Fleet Connect Solutions LLC v. Waste Connections US, Inc.*, No. 2:21-cv-000365-JRG, 2022 WL 2805132, \*2-3 (E.D. Tex. Jun. 29, 2022) ("The Court finds that Defendant has failed to show that litigation funding agreements, if any, are relevant to the claims or defenses in this action. Rather, in demanding such documents under the guise of determining ownership…Defendant attempts to engage in a fishing expedition …."); *Speyside Medical, LLC v. Medtronic CoreValve LLC et al*, ECF No. 88, 1-20-cv-00361-LPS (D. Del. Mar. 2, 2021) (Oral Order) (rejecting the defendant's primary argument the litigation funding "***could*** be relevant to standing," because it had zero evidence to support its accusations, and instead relied on "pure speculation").  Netflix has not met its burden to show the relevance of the documents it seeks.  *See generally Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("[I]nformation is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation . . . . [D]iscovery may be denied where, in the court's judgment, the inquiry lies in a speculative area.").[5]

Netflix has all of the assignments of the asserted patents (which do not include any litigation funding documents). That is all that is required by Rule 26.  If the Court wishes to confirm these facts, GoTV can make an *in camera* submission, so the Court can see first-hand that Netflix's speculative challenge is without merit.

**Litigation Funding is Not Relevant to Damages.**  Netflix also argues that GoTV's funding information is relevant to damages, particularly "the financier' valuation of the patients-in-suit."

---

[5] Although GoTV's litigation funder has a security interest in the Asserted Patents (as is reflected in GoTV's privilege log), numerous courts have expressly held that a security interest "is not a conveyance of a present ownership right in the patent." *In re Transportation Design & Tech., Inc.*, 48 B.R. 635, 639 (Bankr. S.D. Cal. 1985) (additionally recognizing that security interests in patents do not have to be recorded with the Patent Office); *City Bank & Tr. Co. v. Otto Fabric, Inc.*, 83 B.R. 780, 782 (D. Kan. 1988) ("[G]rant of a security interest [in a patent] need not include the conveyance of title or ownership rights."); *Holt v. United States*, No. 1976-72, 1973 WL 614, at \*3 (D.D.C. Aug. 23, 1973) ("[Defendant] did not convey title in the patent application; it only granted a security interest."); *Kowalski v. Mommy Gina Tuna Res.*, No. CIV. 05-00679 BMK, 2008 WL 583553, at \*3 (D. Haw. Mar. 3, 2008); *Raffel Sys., LLC v. Man Wah Holdings Ltd, Inc.*, No. 18-CV-1765, 2020 WL 3211684, at \*4 (E.D. Wis. June 15, 2020); *Town & Country Linen Corp. v. Ingenious Designs LLC*, 436 F. Supp. 3d 653, 663–64 (S.D.N.Y. 2020), *order vacated in part on other grounds on reconsideration*, No. 18 CIV. 5075 (LGS), 2020 WL 996732 (S.D.N.Y. Mar. 2, 2020). The mere existence of a security interest—common in funding arrangements—does not affect GoTV's standing to maintain this action, and Netflix cannot credibly argue otherwise.

Honorable Shashi H. Kewalramani
May 16, 2023
P a g e | **6**

Dkt. 100 at 3.  Even if either GoTV or its funder had performed such a valuation (they have not), Netflix's asserted entitlement is unwarranted because it is based on pure conjecture.  *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 312 (D. Nev. 2019) ("Mere speculation by the party seeking discovery will not suffice"); *VHT, Inc.,* 2016 WL 7077235, at *1, 2 (requiring "some objective evidence" that "theories of relevancy are more than just theories"); *MLC Intellectual Prop.,* 2019 WL 118595, at *2 (requiring a "specific, articulated reason to suspect" particular material in litigation funding documents).  Netflix is not entitled to search through irrelevant and work product protected documents Netflix suspects ***might*** contain patent valuations.  *United Access Techs., LLC v. AT&T Corp.*, C.A. No. 11-338-LPS, 2020 WL 3128269, at *2 (D. Del. June 12, 2020) (rejecting defendant's arguments because defendant was "merely speculat[ing] that the reasons underlying the order requiring production" in a separate case were present without articulating how the documents were "relevant to the specific claims or defenses of ***this*** case") (emphasis in original).

Moreover, because the funding agreement was executed in 2022 (some ten years after the hypothetical negotiation date), it has no bearing on damages.  Indeed, one court has held that litigation funding agreements "are not . . . relevant to the hypothetical negotiation between the parties" because they "are so far removed from the hypothetical negotiation [as to] have no relevance" in that they are little more than "informed gambling on the outcome of litigation." *AVM Techs., LLC v. Intel Corp.*, No. 15-33-RGA, 2017 WL 1787562, at *3 (D. Del. May 1, 2017). Another court found litigation funding arrangements irrelevant and non-discoverable, despite speculative arguments that the materials could "determine a reasonable settlement value of the case." *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *3 (N.D. Ill. Dec. 5, 2019).  Netflix has failed to show how any "valuation" for ***purposes of funding litigation*** has anything more than a vague relationship (if that) with the actual damages in patent litigation.

**Netflix's Other Speculative Relevancy Arguments are Equally Unavailing.**  Netflix offers a smattering of relevancy arguments based on undisclosed "trial themes" or potential bias.  Dkt. 100 at 3.  Courts routinely deny this type of discovery, where, as here, the rationale for production is based on speculation.  *Nantworks, LLC*, 2022 WL 1500011, at *2 (funding discoverable only where there is a "specific articulated reason to suspect bias or conflicts of interest"); *MLC Intellectual*, 2019 WL 118595, at *2 (funding discoverable "when there was a specific, articulated reason to suspect bias or conflict of interest").

In sum, Netflix is seeking information that courts routinely recognize is protected work product, and there is no exception applicable here that would warrant invading that privilege.  Moreover, the information sought has no relevance, and Netflix offers nothing beyond speculation as to any possible relevance.  For sound reasons, courts reject these types of arguments, and GoTV respectfully suggests this Court should as well.

Honorable Shashi H. Kewalramani
May 16, 2023
P a g e | 7

Sincerely,

Amir H. Alavi
Admitted *Pro Hac Vice*
Texas Bar No. 00793239
aalavi@aatriallaw.com

*Counsel for GoTV Streaming, LLC*

cc:     *Counsel of Record Via Electronic Filing*