David M. Stein, #198256
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 949.887.4600

Amir Alavi (Admitted *Pro Hac Vice*)
aalavi@aatriallaw.com
Masood Anjom (Admitted *Pro Hac Vice*)
manjom@aatriallaw.com
Justin Chen (Admitted *Pro Hac Vice*)
jchen@aatriallaw.com
Michael McBride (Admitted *Pro Hac Vice*)
mmcbride@aatriallaw.com
Scott Clark (Admitted *Pro Hac Vice*)
sclark@aatriallaw.com
C. Ryan Pinckney (Admitted *Pro Hac Vice*)
rpinckney@aatriallaw.com
Connie Flores Jones (Admitted *Pro Hac Vice*)
cfloresjones@aatriallaw.com
**ALAVI & ANAIPAKOS, PLLC**
609 Main Street, Suite 3200
Houston, Texas 77002
Phone: (713) 751.2362
Fax:    (713) 751.2341

Attorneys For Plaintiff
GoTV STREAMING, LLC

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GOTV STREAMING, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant*. | Case No. 2:22-cv-07556-RGK-SHK<br><br>HON. R. GARY KLAUSNER<br>COURTROOM 850 – ROYBAL<br><br>**PLAINTIFF GOTV STREAMING, LLC'S NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES**<br><br>Date:   May 13, 2024<br>Time:  9:00 a.m.<br>Crtrm: 850<br><br>Action Filed: October 17, 2022<br>FAC Filed: November 10, 2022<br>Trial Date: October 17, 2023 |

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on, May 13, 2024, at 9:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 550 before the Honorable R. Gary Klausner of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Plaintiff GoTV Streaming, LLC ("Plaintiff" or "GoTV") will and hereby does move the Court for and an award of reasonable attorney fees to be assessed against Defendant Netflix, Inc. ("Defendant" or "Netflix").

This Motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and documents concerning this matter contained in the Court's file, and all other arguments and evidence that may be presented to this Court.

On January 23, 2024, the parties met and conferred pursuant to L.R. 7-3 with respect to GoTV's prior motion for an exceptional case finding and attorney fees. During that conference, Netflix stated its opposition. Subsequently, on April 10, 2024, the parties met and conferred pursuant to L.R. 7-3 with respect to this motion for attorney fees. During that conference, Netflix opposed this motion and the request for attorney fees.

| | | |
|---|---|---|
| 1 | Dated: April 11, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Amir Alavi |
| | | David M. Stein, #198256 |
| 4 | | dstein@olsonstein.com |
| 5 | | OLSON STEIN LLP |
| | | 240 Nice Lane #301 |
| 6 | | Newport Beach, CA 92663 |
| 7 | | Phone: 949.887.4600 |

Amir Alavi (Admitted *Pro Hac Vice*)
Texas Bar No. 00793239
aalavi@aatriallaw.com
Masood Anjom (Admitted *Pro Hac Vice*)
Texas Bar No. 24055107
majom@aatriallaw.com
Justin Chen (Admitted *Pro Hac Vice*)
Texas Bar No. 24074024
jchen@aatriallaw.com
Michael McBride (Admitted *Pro Hac Vice*)
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Scott Clark (Admitted *Pro Hac Vice*)
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney (Admitted *Pro Hac Vice*)
Texas Bar No. 24067819
rpinckney@aatriallaw.com
Connie Flores Jones (Admitted *Pro Hac Vice*)
Texas Bar No. 00793736
cfloresjones@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

*Counsel for Plaintiff GoTV Streaming, LLC*

| | |
|---|---|
| David M. Stein, #198256<br>dstein@olsonstein.com<br>**OLSON STEIN LLP**<br>240 Nice Lane #301<br>Newport Beach, CA 92663<br>Phone: 949.887.4600 | Amir Alavi (Admitted *Pro Hac Vice*)<br>aalavi@aatriallaw.com<br>Masood Anjom (Admitted *Pro Hac Vice*)<br>manjom@aatriallaw.com<br>Justin Chen (Admitted *Pro Hac Vice*)<br>jchen@aatriallaw.com<br>Michael McBride (Admitted *Pro Hac Vice*)<br>mmcbride@aatriallaw.com<br>Scott Clark (Admitted *Pro Hac Vice*)<br>sclark@aatriallaw.com<br>C. Ryan Pinckney (Admitted *Pro Hac Vice*)<br>rpinckney@aatriallaw.com<br>Connie Flores Jones (Admitted *Pro Hac Vice*)<br>cfloresjones@aatriallaw.com<br>**ALAVI & ANAIPAKOS, PLLC**<br>609 Main Street, Suite 3200<br>Houston, Texas 77002<br>Phone: (713) 751.2362<br>Fax:    (713) 751.2341 |

Attorneys For Plaintiff
GoTV STREAMING, LLC

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GOTV STREAMING, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant*. | Case No. 2:22-cv-07556-RGK-SHK<br><br>HON. R. GARY KLAUSNER<br>COURTROOM 850 – ROYBAL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GOTV STREAMING, LLC'S MOTION FOR ATTORNEY FEES**<br><br>Date:    May 13, 2024<br>Time:    9:00 a.m.<br>Crtrm:   850<br><br>Action Filed: October 17, 2022<br>FAC Filed: November 10, 2022<br>Trial Date: October 17, 2023 |

## I. INTRODUCTION

On March 26, 2024, the Court granted Plaintiff GoTV's motion for an exceptional case finding, holding that Netflix "abandoned its invalidity defense but feigned otherwise, intending to force Plaintiff to needlessly expend trial resources." *See* Dkt. 457 at 11. Concluding that Netflix's litigation conduct was exceptional under the law, the Court ordered GoTV to submit a motion for attorney's fees within 14-days. Specifically, the Court provided that "Plaintiff may seek attorneys' fees related to invalidity from October 15, 2023 to October 19, 2023." *Id.* at 13.

Based on the invoice for this time period (*see* Ex. A) and the accompanying declarations of its counsel (*see* Exs. B through F), GoTV has determined that its attorneys collectively spent 76.8 hours working on invalidity-related tasks from October 15, 2023 to October 19, 2023. Based on their respective billing rates, this comes out to a total of $58,762.50 in attorneys' fees for this time period. For the reasons detailed below, GoTV respectfully submits that this amount is reasonable and requests that the Court grant this award of attorneys' fees to GoTV.

## II. LEGAL BACKGROUND

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." *See* 35 U.S.C. § 285. In assessing a fee award, courts routinely rely on the lodestar approach, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). There is a "strong presumption" that the lodestar figure represents a reasonable attorney fee. *See Bywaters v. U.S.*, 670 F.3d 1221, 1229 (Fed. Cir. 2012) (noting that adjustment upward or downward is warranted only in "rare" circumstances supported by specific evidence).

## III. GOTV'S REQUESTED FEES ARE REASONABLE

### A. GoTV's Accounted Hours are Reasonable.

GoTV's motion only seeks a total of $58,762.50 in attorneys' fees based on a combined total of 76.8 attorney hours. In support of this amount, GoTV identified

five lawyers who worked on invalidity-related tasks between October 15, 2023 to October 19, 2023. To be clear, although GoTV's litigation team included additional lawyers—including additional lawyers who worked on invalidity-related tasks over the course of this litigation—GoTV's fee request is limited only to those lawyers who worked on invalidity-related tasks during the five days at issue. Those lawyers are Amir Alavi, Masood Anjom, Scott Clark, Joshua Wyde and Ryan Pinckney.

Each of those lawyers specializes in patent litigation. For the Court's convenience, GoTV has included each lawyer's biography, including a summary of their background and representative cases, which is available at the firm website for Alavi & Anaipakos, PLLC. *See* Exs. G through K.

After reviewing their reported hours in Exhibit A, each lawyer submitted a declaration confirming the amount of time attributable to invalidity-related tasks between October 15, 2023 to October 19, 2023. *See* Exhibits B through F. Overall, the accrued time focused on tasks central to Netflix's invalidity defense, such as the preparation and review of demonstratives, developing the cross-examination for Dr. Villasenor's expected invalidity opinions, developing the rebuttal examination for Dr. Lipoff (GoTV's rebuttal expert on invalidity), drafting and editing jury instructions on invalidity, and other invalidity-related tasks. *See id.*

This amount comes out to 76.8 total attorney hours that Plaintiff "needlessly expended" in light of Netflix's decision to feign pursuit of its invalidity defense until the end of trial. *See* Dkt. 457 at 11. Given that the five days between October 15, 2023 to October 19, 2023 were in the heat of trial—when lawyers routinely spend an overwhelming number of hours preparing their claims and defenses for each successive day—Netflix cannot legitimately argue that the identified time is unreasonable in either scope or amount.

Similarly, Netflix cannot legitimately argue that any work was not reasonably tied to invalidity or would otherwise fall outside of the Court's prior order permitting this fees motion. GoTV did not include any time for other tasks—such as damages

or infringement—and Netflix's invalidity defense (up until the very end) was a central dispute in this case that involved multiple alleged prior art references and necessitated an entire expert report from Netflix's invalidity expert, Dr. Villasenor.

Accordingly, GoTV submits that 76.8 total hours was a reasonable number of hours spent preparing for that invalidity defense during the relevant time period.

### B.   GoTV's Negotiated Rates are Reasonable.

GoTV's identified billable rates, which range between $725 and $950 per hour, are also reasonable for purposes of the lodestar method. *See* Exhibits B through F. To be clear, these are the actual rates that Alavi & Anaipakos PLLC and GoTV Streaming LLC negotiated back in 2022, prior to the start of the litigation. *See* Ex. B, Alavi Decl. at ¶ 5. And these rates did not increase or change throughout the course of this litigation. *Id.* As a result, these rates reflect a reasonable market rate for legal services in patent cases. *See also* Ex. L, Stein Decl. at ¶ 4.

Indeed, the rates reflected in this motion and the accompanying attorney declarations are likely significantly lower than the rates charged by Netflix's own lawyers at the Willkie Farr & Gallagher law firm. For example, in a recent court filing in an unrelated case, lawyers at Willkie Farr & Gallagher requested rates "between $1,400 and $2,050 for partners and senior counsel and $520 to $1,350 for associates." *See* Ex. M. Similarly, in a billing survey from 2014—ten years ago—Willkie Farr & Gallagher reported partner billing rates between $790 and $1,090 and associate billing rates between $350 and $790. *See* Ex. N. Given that the rates requested by GoTV are nearly identical to the same rates that Willkie Farr & Gallagher was charging ***ten years ago***, Netflix cannot legitimately argue that these rates are unreasonable.

GoTV also notes that an estimated total of $58,762.50 in attorneys' fees is in line with other data points. For example, according to the American Intellectual Property Law Association's 2023 Report of the Economic Survey, patent litigations usually cost over $1 million from pre-trial through post-trial, with that number expanding to $3 million when over $10 million in damages is at risk. *See* Ex. O at

3

61. In light of that range, Netflix cannot argue that spending $58,762.50 on the invalidity issue during trial was unreasonable.

Additionally, in a 2019 patent litigation pending in the Northern District of California, Apple submitted its counsel's rate sheet as part of a similar fee motion. *See* Ex. P, *Straight Path IP Group, Inc. v. Apple Inc.*, Case No. 3:16-cv-3582, Dkt. 215-2. As reflected in that filing from nearly 5 years ago, standard rates for the patent lawyers at Hogan Lovells ranged, at that time, from $610 to $1,035. *Id.* Given that the rates requested by GoTV fall within that same range, the Court should similarly grant GoTV's request for fees. *See Straight Path IP Group, Inc. v. Apple Inc.*, Case No. 3:16-cv-3582, Dkt. 259 at 6 (adopting special master's report and awarding Apple over $2 million in attorneys' fees).

### IV. CONCLUSION

Pursuant to the Court's prior order, GoTV has submitted a request for attorneys' fees that are limited to invalidity-related work incurred from October 15, 2023 to October 19, 2023. This request is supported by attorney declarations, who each accounted for their time and its relationship to the invalidity issue, and by information supporting GoTV's requested rates, which not only are the actual rates negotiated between GoTV and its counsel but are in line with rates charged by other firms in similar patent infringement cases.

In total, GoTV's counsel spent a combined 76.8 hours working on invalidity-related issues over the five days at issue, which corresponds to $58,762.50 in total fees. For the above reasons, the Court should grant an award of those fees to GoTV in light of Netflix's exceptional litigation conduct.

| | |
|---|---|
| Dated: April 11, 2024 | Respectfully submitted, |
| | |
| | */s/ Amir Alavi* |
| | David M. Stein, #198256 |
| | dstein@olsonstein.com |
| | OLSON STEIN LLP |
| | 240 Nice Lane #301 |
| | Newport Beach, CA 92663 |
| | Phone: 949.887.4600 |

Amir Alavi (Admitted *Pro Hac Vice*)
Texas Bar No. 00793239
aalavi@aatriallaw.com
Masood Anjom (Admitted *Pro Hac Vice*)
Texas Bar No. 24055107
majom@aatriallaw.com
Justin Chen (Admitted *Pro Hac Vice*)
Texas Bar No. 24074024
jchen@aatriallaw.com
Michael McBride (Admitted *Pro Hac Vice*)
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Scott Clark (Admitted *Pro Hac Vice*)
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney (Admitted *Pro Hac Vice*)
Texas Bar No. 24067819
rpinckney@aatriallaw.com
Connie Flores Jones (Admitted *Pro Hac Vice*)
Texas Bar No. 00793736
cfloresjones@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

*Counsel for Plaintiff GoTV Streaming, LLC*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for GoTV Streaming, LLC, certifies that this brief contains 1,297 words, which complies with the word limit of L.R. 11-6.1.

                    */s/ Amir Alavi*
                    Amir Alavi

                    *Counsel for Plaintiff GoTV Streaming, LLC*