# Exhibit B

1  David M. Stein, #198256
   dstein@olsonstein.com
2  **OLSON STEIN LLP**
   240 Nice Lane #301
3  Newport Beach, CA 92663
   Phone: 949.887.4600
4
5
6
7
8
9
10
11
12
13

Amir Alavi (Admitted *Pro Hac Vice*)
aalavi@aatriallaw.com
Masood Anjom (Admitted *Pro Hac Vice*)
manjom@aatriallaw.com
Justin Chen (Admitted *Pro Hac Vice*)
jchen@aatriallaw.com
Michael McBride (Admitted *Pro Hac Vice*)
mmcbride@aatriallaw.com
Scott Clark (Admitted *Pro Hac Vice*)
sclark@aatriallaw.com
C. Ryan Pinckney (Admitted *Pro Hac Vice*)
rpinckney@aatriallaw.com
Connie Flores Jones (Admitted *Pro Hac Vice*)
cfloresjones@aatrisllaw.com
**ALAVI & ANAIPAKOS, PLLC**
609 Main Street, Suite 3200
Houston, Texas 77002
Phone: 713.751.2362
Fax:    713.751.2341

Attorneys For Plaintiff
GoTV STREAMING, LLC

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GOTV STREAMING, LLC, | Case No. 2:22-cv-07556-RGK-SHK |
| *Plaintiff*, | HON. R. GARY KLAUSNER COURTROOM 850 – ROYBAL |
| v. | **DECLARATION OF AMIR H. ALAVI IN SUPPORT OF GOTV'S MOTION FOR ATTORNEY'S FEES** |
| NETFLIX, INC., | |
| *Defendant*. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Amir H. Alavi, upon personal knowledge or information and belief, declare as follows:

1.      I am an attorney and a member of the bar of the State of Texas and duly admitted to practice *Pro Hac Vice* before this Court. I am a partner with Alavi & Anaipakos, PLLC and represent Plaintiff GoTV Streaming LLC ("Plaintiff" or "GoTV") in the above-captioned matter.

2.      I have personal knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3.      I submit this declaration in support of GoTV's Motion for Attorney's Fees.

4.      As a partner with Alavi & Anaipakos, PLLC, I have substantial experience in intellectual property cases and have handled complex patent cases in a variety of venues across the nation, including in California. I am Board Certified in Civil Trial Law by the Texas Board of Legal Specialization and have been consistently recognized by publications and lists, including Chambers, the IAM 1000, and the Best Lawyers in America.

5.      As part of the trial in the above-captioned matter, several lawyers from my firm had responsibilities relating to defending against Netflix's claims of invalidity. I understand that they have submitted declarations in support of GoTV's attorney's fees motion that account for their invalidity-related time between October 15, 2023, and October 19, 2023. The rates reflected in the declarations are the actual negotiated rates that Alavi & Anaipakos, PLLC negotiated with GoTV Streaming LLC in 2022, prior to the start of this litigation. These rates were maintained throughout the engagement and were not adjusted or increased for 2023, including for the time period between October 15, 2023, and October 19, 2023. Based on my experience with patent litigation, the negotiated rates reflect a reasonable billable rate for each of the lawyers at my firm, and they are in line with what legal markets in both Texas and California would consider reasonable for patent litigation matters.

6.     As lead trial counsel for GoTV I was involved in all aspects of the trial of the case and was involved throughout pretrial in preparing for the infringement, validity, and damages portions of the case.  I was also involved in preparing opening statements, working with witnesses on their directs, and reviewing issues around the jury charge.  As a result, I worked on the invalidity portion of the case throughout each of the pretrial and trial days.  Based on my personal knowledge, my review of the file (including emails) I am offering an approximation of time I spent each day on the invalidity portion of the case.

7.     I understand that Exhibit A to GoTV's Motion for Attorney's Fees is an excerpted invoice that includes an accounting of time for my legal services between October 15, 2023, and October 19, 2023, for the above-captioned matter.

8.     As reflected in Exhibit A, on October 15, 2023, I worked a total of 13.0 hours on the above-captioned matter.  Of that time, I spent approximately 2.0 hours working on invalidity tasks, including assisting with revisions to the direct testimony of Stuart Lipoff and preparing and revising opening slides related to invalidity.

9.     As reflected in Exhibit A, on October 16, 2023, I worked a total of 14.5 hours on the above-captioned matter.  Of that time, 2.0 hours was spent working on invalidity-related tasks, including (i) reviewing and editing the invalidity cross examination for Dr. Villasenor, (ii) review of Netflix circulated opening slides relating to its invalidity claims and conferences with co-counsel regarding objections to same, and (iii) finalizing opening as it relates to invalidity.

10.    As reflected in Exhibit A, on October 17, 2023, I worked a total of 16.0 hours on the above-captioned matter.  Of that time, 2.5 hours was spent working on invalidity-related tasks, including (i) time in trial related to invalidity (opening), (ii) review of Netflix's designated exhibits and demonstratives for Dr. Villasenor (Netflix's invalidity expert) and conferring with co-counsel regarding the same, (iii) review Netflix's objections to GoTV's designated exhibits and demonstratives for Mr. Lipoff (GoTV's validity rebuttal expert) and conferring with co-counsel regarding

1  same, and (iv) preparing for Dr. Lipoff's direct testimony, including revising slides.

2      11.    Based on the above, between October 15, 2023, and October 19, 2023, I

3  worked a total of 6.5 hours on invalidity-related tasks for the above-captioned matter.

4      12.    My billing rate is $950.00 per hour.

5

6      Executed on this 9th day of April, 2024, in Houston, Texas, USA.

7

8      _____

9      Amir Alavi

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28