# Exhibit D

David M. Stein, #198256
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 949.887.4600

Amir Alavi (Admitted *Pro Hac Vice*)
aalavi@aatriallaw.com
Masood Anjom (Admitted *Pro Hac Vice*)
manjom@aatriallaw.com
Justin Chen (Admitted *Pro Hac Vice*)
jchen@aatriallaw.com
Michael McBride (Admitted *Pro Hac Vice*)
mmcbride@aatriallaw.com
Scott Clark (Admitted *Pro Hac Vice*)
sclark@aatriallaw.com
C. Ryan Pinckney (Admitted *Pro Hac Vice*)
rpinckney@aatriallaw.com
Connie Flores Jones (Admitted *Pro Hac Vice)*
cfloresjones@aatrisllaw.com
**ALAVI & ANAIPAKOS, PLLC**
609 Main Street, Suite 3200
Houston, Texas 77002
Phone: 713.751.2362
Fax:    713.751.2341

Attorneys For Plaintiff
GoTV STREAMING, LLC

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GOTV STREAMING, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant*. | Case No. 2:22-cv-07556-RGK-SHK<br><br>HON. R. GARY KLAUSNER<br>COURTROOM 850 – ROYBAL<br><br>**DECLARATION OF SCOTT W. CLARK IN SUPPORT OF GOTV'S MOTION FOR ATTORNEY'S FEES** |

I, Scott W. Clark, upon personal knowledge or information and belief, declare as follows:

1. I am an attorney and a member of the bar of the State of Texas and duly admitted to practice *Pro Hac Vice* before this Court. I am a partner with Alavi & Anaipakos, PLLC and represent Plaintiff GoTV Streaming LLC ("Plaintiff" or "GoTV") in the above-captioned matter.

2. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3. I submit this declaration in support of GoTV's Motion for Attorney's Fees.

4. I understand that Exhibit A to GoTV's Motion for Attorney's Fees is an excerpted invoice that includes an accounting of time for my legal services between October 15, 2023, and October 19, 2023, for the above-captioned matter.

5. In preparing this declaration and confirming the amount of time that I spent on invalidity issues between October 15, 2023, and October 19, 2023, I reviewed my emails, work product and other documents from that time period.

6. As reflected in Exhibit A, on October 16, 2023, I worked a total of 15.0 hours on the above-captioned matter. Of that time, 1.8 hours was spent working on invalidity-related tasks, including (i) review revisions to jury instructions and verdict form relating to Netflix's invalidity claims and Netflix's asserted prior art, (ii) review of Netflix circulated opening slides relating to its invalidity claims and subsequent meet-and-confer with Netflix's counsel regarding objections to same, (iii) conference with Netflix's counsel regarding evidentiary disputes concerning commercial success exhibits (i.e., secondary consideration of nonobviousness).

7. As reflected in Exhibit A, on October 17, 2023, I worked a total of 17.5 hours on the above-captioned matter. Of that time, 1.4 hours was spent working on invalidity-related tasks, including (i) review Netflix's designated exhibits and demonstratives for Dr. Villasenor (Netflix's invalidity expert) and a subsequent

conference with Netflix's counsel regarding objections to same, (ii) review Netflix's objections to GoTV's designated exhibits and demonstratives for Mr. Lipoff (GoTV's validity rebuttal expert) and conference with Netflix's counsel regarding same.

8. As reflected in Exhibit A, on October 18, 2023, I worked a total of 18.0 hours on the above-captioned matter. Of that time, 0.5 hours was spent working on invalidity-related tasks, including a review of the revisions to jury instructions and verdict form relating to Netflix's dropped invalidity claims and asserted prior art.

9. Based on the above, between October 15, 2023, and October 19, 2023, I worked a total of 3.7 hours on invalidity-related tasks for the above-captioned matter.

10. My billing rate is $800.00 per hour.

Executed on this 9th day of April, 2024, in Houston, Texas, USA.

_____
Scott W. Clark