UNITED STATES DISTRICT COURT                                      closed
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07556-RGK-SHK | Date | May 13, 2024 |
|---|---|---|---|
| Title | *GoTV Streaming, LLC v. Netflix, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiff's Motion for Attorneys' Fees [DE 471]

This order concerns the latest motion in the patent infringement dispute between GoTV Streaming, LLC ("Plaintiff") and Netflix, Inc. ("Defendant"). On January 30, 2024, Plaintiff filed a first Motion for Attorneys' Fees. (ECF No. 432.) Plaintiff argued that it was entitled to attorneys' fees under 35 U.S.C. § 285 because Defendant litigated the case in an unreasonable manner by abandoning its invalidity defense but feigning otherwise. On March 26, 2024, the Court granted the Motion, finding that Plaintiff was entitled to fees for invalidity-related tasks from October 15, 2023 to October 19, 2023—a five-day period that included the four-day trial. (ECF No. 457.) The Court accordingly permitted Plaintiff to file a second motion setting forth the amount and reasonableness of its requested fees.

Presently before the Court is Plaintiff's second Motion for Attorneys' Fees. (ECF No. 471.) For the following reasons, the Court **GRANTS** the Motion.

To calculate reasonable attorneys' fees, federal courts use the lodestar approach. *City of Burlington v. Dague*, 505 U.S. 557, 559–60 (1992). First, the lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, excluding any hours not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). District courts may then adjust the lodestar upward or downward using a "multiplier" based on factors not initially considered in determining the lodestar. *Id.*

Plaintiff seeks $58,762.50 in attorneys' fees based on 76.8 attorney hours billed by five attorneys at rates between $725 and $950 per hour. Defendant does not dispute that these hourly rates are reasonable. Rather, Defendant argues that the number of hours expended is unreasonable and unsupported. The Court disagrees with Defendant.

UNITED STATES DISTRICT COURT

closed

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07556-RGK-SHK | | Date | May 13, 2024 |
|---|---|---|---|---|
| Title | *GoTV Streaming, LLC v. Netflix, Inc.* | | | |

First, the total number of hours is reasonable. Plaintiff's attorneys expended 352.1 hours over the course of the five-day period. (McBride Decl. ISO Second Mot. for Attorneys' Fees, Ex. A, ECF No. 471-3.) This was reasonable given that the five-day period included a four-day trial. Of those 352.1 hours, Plaintiff's attorneys spent only 76.8 hours—roughly a fifth of that time—on invalidity-related tasks. This was also reasonable considering that Defendant strongly indicated that invalidity would be a major issue at trial. Indeed, during the trial, Defendant shared with Plaintiff a 71-slide demonstrative that contained 43 slides related to invalidity. (McBride Decl. ISO First Mot. for Attorneys' Fees, Ex. 2, ECF No. 432-4.) By comparison, that same demonstrative only contained 14 slides related to non-infringement. (*Id.*) It is only natural that Plaintiff's attorneys would spend a fifth of their time preparing for an issue that, by all appearances, was Defendant's primary defense.

Second, Plaintiff's attorneys' hours are adequately supported. Plaintiff submits billing records for the five-day period. Some of the entries have descriptions that clearly identify tasks related to invalidity, like "[p]reparation of validity expert," whereas others have broad descriptions like "[p]repare for trial." McBride Decl. ISO Second Mot. for Attorneys' Fees, Ex. A at 19.) To narrow these broader entries, Plaintiff's attorneys submit declarations estimating how much of this time was spent on invalidity-related tasks. (*See, e.g.*, Alavi Decl. ¶¶ 8–11, ECF No. 471-4 (estimating that, of 43.5 hours spent during that period, only 6.5 hours were spent on invalidity-related tasks).) Defendant argues that the Court should not accept these estimates because they are not supported by the billing entries. In this manner, Defendant demands that Plaintiff's attorneys should have denoted and separated its invalidity-related tasks into their own billing entries. However, Defendant cites no authority suggesting that this level of granularity is required. Indeed, it is relatively rare that attorneys' fees are granted only for certain legal issues, as is the case here. Defendant does not suggest that attorneys are ordinarily expected to identify and separate billing entries according to discrete legal issues. It is unreasonable to expect Plaintiff's attorneys to have done so here. Because Defendant fails to make any convincing arguments that any particular entries or estimates are otherwise unsupported, inflated, or suspect, the Court finds that Plaintiff's attorneys' hours are adequately supported and reasonable.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and awards Plaintiff $58,762.50 in attorneys' fees.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |